UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PLATINUM HOME HEALTH SERVICES, LTD** **dba Platinum HOME HEALTH SERVICES** c/o its attorneys 24870 Fairmount Blvd Beachwood, Ohio 44122 <br><br> Plaintiff, <br> v. <br><br> **PLATINUM HOME CARE LLC** c/o its Statutory Agent Alex Boateng 8122 Reynoldswood Drive Reynoldsburg, Ohio 43068 <br><br> Defendant. | CASE NO: <br><br> JUDGE: <br><br> Magistrate Judge: <br><br> **PLAINTIFF'S COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF** <br><br> **JURY DEMAND** |

Plaintiff Platinum Home Health Services, Ltd. dba Platinum Home Health Services ("Platinum"), by and through counsel, brings this Complaint against Defendant Platinum Home Care LLC ("PHC") and alleges as follows:

**INTRODUCTION**

1. This is a trademark infringement action arising from Defendant's unauthorized and unlawful use of Plaintiff's well-established trademarks in direct competition with Plaintiff's business.

2. Defendant's actions violate the Lanham Act, 15 U.S.C. § 1051 *et seq*., and Ohio's Deceptive Trade Practices Act, O.R.C. § 4165.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's Lanham Act claims pursuant to 15 U.S.C. §§ 1121, 1125; and 28 U.S.C. §§ 1331, 1338.

4. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the Lanham Act claims as to form part of the same case or controversy.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant has conducted continuous business within the territorial jurisdiction of this Court. Moreover, as described below, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

6. Plaintiff Platinum Home Health Services LTD, which does business as Platinum Home Health Services and Platinum Home Helper Services is a limited liability company organized and existing under the laws of the State of Ohio with its principal place of business in Mayfield Heights, Ohio.

7. Defendant Platinum Home Care LLC is a limited liability company organized and existing under the laws of the State of Ohio. According to records maintained by the Ohio Secretary of State, Defendant's statutory agent for service of process is Alex O. Boateng, 8122 Reynoldswood Drive, Reynoldsburg, Ohio 43068.

## FACTUAL ALLEGATIONS

### Platinum's Longstanding Use of "Platinum," "Platinum Home Health Services," and Platinum Home Helper Services

8. Platinum is a Medicare and Medicaid certified home health agency offering nursing, physical occupational, speech, home health aide, home care, companionship, and other therapy services.

9. Platinum has been in business since 2003.

10. Platinum does business as "Platinum Home Health Services" and "Platinum Home Helper Services" and markets its services under those brands.

11. Platinum also markets its service under the name "Platinum."

12. "Platinum Home Health Services," "Platinum Home Helper Services," and "Platinum" constitute Platinum's "trademarks."

13. Platinum began using its trademark "Platinum Home Health Services" on or about September 22, 2004.

14. Platinum registered the trademark "Platinum Home Health Services" as a trade name with the Ohio Secretary of State on or about December 28, 2004.

15. Platinum has used "Platinum" as a source identifier, trade name, and trademark since at least September 22, 2004.

16. Platinum has actively and continuously used its trademarks since at least September 2004.

17. In addition to using its trademarks as wordmarks, Platinum has also used its trademarks in the following stylized versions:



-and-



3

18. Through over two decades of continuous use and substantial marketing investment, Platinum's marks have acquired strong secondary meaning, identifying Platinum as the source of services in the minds of consumers.

19. Platinum has spent substantial time, effort, and money to market its goods and services under its trademarks. As a result, Platinum has developed extremely valuable goodwill with respect to its trademarks.

### PHC's Unlawful Infringement of Platinum's Trademarks

20. Despite Platinum's prior use of and long prior common law and statutory rights, PHC adopted its name, "Platinum Home Care."

21. Without Platinum's permission, PHC does business in Ohio as "Platinum Home Care."

22. PHC offers identical or nearly identical services as those offered by Platinum.

23. For some time, PHC only operated in Columbus, Ohio, a geographic area where Platinum does not actively seek business.

24. On or around December 2024, PHC opened a second location in Northeast Ohio, prominently displaying, without permission, Platinum's trademarks. A photo of PHS's storefront is attached hereto:



25. Platinum actively seeks business throughout Northeast Ohio.

26. PHC's wordmark and logomark are so similar to Platinum's that they will likely cause confusion, mistake, or deception as to its source and/or affiliation.

27. PHC's logo incorporates many elements of Platinum's logos, including the heart shaped logo on the left; two lines incorporating "PLATINUM" as a large, dominant portion of the mark above "HOME", among others.

28. When viewed side by side, the risk of confusion is very high:

| PLATINUM'S LOGOMARKS | PHC'S LOGOMARK |
|---|---|
| <br> | -vs-  |

29. Platinum attempted to contact PHC numerous times between December 2024 and the date of this filing to demand PHC cease the use of "Platinum" and "Platinum Home Care."

30. Although PHC received Platinum's multiple demands to cease the use of Platinum's trademarks, PHC refused to respond to, or cease its infringing conduct.

**Actual Confusion**

31. Not only is PHC's use of Platinum's trademarks likely to cause confusion, mistake, or deception, but actual consumer confusion has already occurred, underscoring the likelihood of ongoing confusion.

32. Specifically, Platinum has received shipments intended for PHC.

33. The likelihood of continued confusion, mistake, or deception remains so long as PHC is using its name, "Platinum Home Care."

## COUNT ONE
### (Violations of the Lanham Act, 15 U.S.C. § 1125)

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Defendant's name is confusingly similar to Plaintiff's trademarks in sight, sound, meaning, and commercial impression, and targets the same consumers (home health patients and referral sources).

36. Consumers are likely to believe Defendant's services are affiliated with Plaintiff, as evidenced by actual confusion.

37. Consumers who encounter Defendant are likely to believe that Defendant or the goods and services offered by Defendant are authorized by, sponsored by, licensed by, affiliated with, or related to Platinum.

38. Plaintiff's marks are famous in Ohio's home healthcare sector due to more than two decades of exclusive use and consumer recognition.

39. Plaintiff's trademarks have priority over Defendant's use of its name.

40. Plaintiff's marks are widely recognized in Ohio's home healthcare sector.

41. Defendant's use dilutes the marks by blurring their distinctiveness and tarnishing Plaintiff's reputation.

42. Defendant's name so resembles Plaintiff's trademarks, as to be likely to cause confusion, mistake, or deception within the meaning of 15 U.S.C. § 1052(d).

43. Defendant's name so resembles Plaintiff's trademarks, as to be likely to falsely suggest a connection with Platinum within the meaning of 15 U.S.C. § 1052(a).

44. Platinum has been damaged by Defendant because Defendant's use of Plaintiff's trademarks cause dilution of those marks, which enjoy widespread recognition by the general public, within the meaning of 15 U.S.C. § 1125(c).

45. Defendant's actions are intentional, willful, and undertaken with the knowledge of Plaintiff's superior rights.

46. Defendant knowingly disregarded Plaintiff's demands to cease infringement, demonstrating bad faith.

47. As the direct and proximate result of Defendant's actions alleged above, Plaintiff has suffered harm and monetary damages.

48. In addition to recovering monetary damages, Plaintiff is entitled to injunctive relief preventing Defendant from using Plaintiff's trademarks, or any marks substantially similar to Plaintiff's trademarks in accordance with 15 U.S.C. § 1116(a).

## COUNT TWO
### (Ohio Deceptive Trade Practices, O.R.C. § 4165)

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Defendant has violated the Ohio Deceptive Trade Practices Act in the manner described above, and by

   a) passing off goods or services as those of another;
   b) causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; and

    c) causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another.

51. Defendant knowingly and intentionally violated the ODTPA in the above manner by using Plaintiff's trademarks even though it knew of Plaintiff's prior and longstanding rights.

52. Defendant knowingly disregarded Plaintiff's demands to cease infringement, demonstrating bad faith.

53. Plaintiff has suffered monetary damages as a direct result of Defendant's actions described above.

54. In addition to recovering monetary damages, Plaintiff is entitled to injunctive relief preventing Defendant from using Plaintiff's trademarks, or any marks substantially similar to Plaintiff's trademarks in accordance with O.R.C. § 4165.03.

55. In addition to monetary damages and injunctive relief, Plaintiff is entitled to recover its reasonable attorneys' fees in prosecuting this action in accordance with O.R.C. § 4165.03(B).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment declaring Defendant's use of "Platinum Home Care" violates the Lanham Act and Ohio law;

B. Award Plaintiff actual damages, Defendant's profits, and treble damages for willful infringement;

C. Enjoin Defendant from using "Platinum Home Care" or any confusingly similar mark;

D. Award Plaintiff its attorneys' fees and costs under O.R.C. § 4165.03(B);

E. Award Plaintiff such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Joshua B. Fuchs
Joshua B. Fuchs (0087066)
Suzann R. Moskowitz (0078380)
THE MOSKOWITZ FIRM
24870 Fairmont Blvd.
Beachwood, Ohio 44122
216-505-7500 [phone and fax]
josh@themoskowitzfirm.com
suzann@themoskowitzfirm.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Joshua B. Fuchs
Joshua B. Fuchs (0087066)